IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NESTLÉ USA, INC., SOCIÉTÉ DES PRODUITS NESTLÉ S.A., <br><br>*Plaintiffs*, <br><br>vs. <br><br>ULTRA DISTRIBUCIONES MUNDIALES S.A. DE C.V., ULTRA INTERNATIONAL DISTRIBUTORS, INC., <br><br>*Defendants*. | §§§§§§§§§§§§§ | 5-20-CV-00384-OLG-RBF |

**ORDER**

Before the Court is the Motion to Compel filed by Plaintiffs Nestlé USA, Inc. (NUSA) and Société Des Produits Nestlé S.A. (SPN), Dkt. No. 98, and the three Motions to Compel filed by Defendants Ultra Distribuciones Mundiales S.A. de C.V. and Ultra International Distributors, Inc., Dkt. Nos. 59, 78, & 95. All four discovery motions were referred for disposition pursuant to Rules CV-72 and 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Jan. 27, 2022, text orders. On March 2, 2022, the Court held a video hearing on the motions at which all parties appeared through counsel of record. For the reasons stated on the record at the March 2, 2022 hearing, **IT IS ORDERED THAT**:

(1) Plaintiffs' Motion to Compel, Dkt. No. 98, is **DISMISSED AS MOOT** pursuant to the parties' informal agreement as expressed at the March 2, 2022, hearing. If additional disputes arise regarding Defendants' production of the documents at issue in Plaintiffs' Motion, Plaintiffs may file a new motion to address the dispute.

(2) Defendants' First Motion to Compel, Dkt. No. 59, is **DENIED IN PART AND DISMISSED AS MOOT IN PART** pursuant to the parties' representations in the February 23, 2022, joint advisory as well as representations made on the record at the March 2 hearing. Pursuant to the narrowed issues identified in the parties' February 23 advisory, Defendants seek various categories of documents from two foreign entities—identified by the parties in their papers and at the hearing as Nestlé Mexico and Nestlé S.A.—that Defendants contend are in Plaintiffs' effective control. At the March 2 hearing, however, the parties expressed that they are engaged in ongoing, fruitful discussions about this motion, and Defendants, moreover, appeared to concede that Plaintiff Nestlé S.A. doesn't possess documents responsive to the requests at issue. Accordingly, Defendants' request for these documents is either **MOOT** or should be and is **DENIED**. Defendants have failed to sufficiently establish that Plaintiffs have the necessary control over the requested documents. In any event, the requested discovery from Nestlé Mexico isn't relevant or proportional to the needs of the case. Nothing, however, in this Order shall prohibit Plaintiffs from producing any informally requested documents, pursuant to the parties' agreement and representations at the hearing.

Defendants' request for documents evidencing the transfer of beneficial ownership of the trademark in question from Nestlé S.A. to SPN is **DENIED**, subject to Plaintiffs' on-the-record representation that Plaintiffs would look for other, less sensitive documents reflecting this transfer.

(3) Defendants' Second Motion to Compel, Dkt. No. 78, is **GRANTED IN PART AND DISMISSED IN PART AS MOOT** pursuant to the representations in the parties' February 23 joint advisory. Plaintiffs shall produce—within **7 days** from the date of this Order—an unredacted copy of the SPN-Nestlé Mexico general license agreement, provided it is designated

as "Outside Counsel of Record Eyes Only" under the Protective Order. All parties are reminded of the importance of complying with the provisions of the Protective Order.

(4) Defendants' Third Motion to Compel, Dkt. No. 95, is **HELD IN ABEYANCE**. Within **14 days** from the date of this Order the parties shall meaningfully confer regarding the issues addressed in the motion and file a joint advisory addressing what, if any, issues remain and the basis for the dispute. If necessary, the Court will, by separate order, set this matter for another hearing to address any remaining issues.

**IT IS SO ORDERED**.

SIGNED this 3rd day of March, 2022.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE